IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MELISSA KEATON, in her capacity
as personal representative of the
Estate of Kenneth Keaton,

       Plaintiff,

v.                                                CASE NO. 4:08cv72-RH/WCS

L & W SUPPLY CORPORATION,

       Defendant.

_____/

**ORDER GRANTING LEAVE TO AMEND COMPLAINT
AND DENYING SUMMARY JUDGMENT MOTION**

      This is an employment discrimination action. The employee against whom defendant allegedly discriminated died prior to the filing of the action. The original complaint named the employee's estate as the plaintiff. Defendant moved to dismiss, noting that the proper plaintiff is not the estate but the personal representative. An amended complaint has been tendered naming the personal representative as the plaintiff. The amended complaint was accompanied by a motion for leave to amend. Defendant has responded by opposing leave to amend and by moving for summary judgment on the ground that the applicable statute of limitations ran between the filing of the original and amended complaints.

Leave to file the amended complaint apparently is not required at all. Under Federal Rule of Civil Procedure 15(a)(1)(A), a party may amend once as of course prior to the filing of a responsive pleading. In the case at bar, defendant moved to dismiss the original complaint and did not file an answer. A motion to dismiss of course is not a "responsive pleading" within the meaning of Rule 15. *See* Fed. R. Civ. P. 7.

If leave were required, it would be granted. The action is near the beginning. The proposed amendment does not change the substance of the action. Defendant will suffer no prejudice from the amendment. Instead, the action will go forward just as would have occurred if the amended complaint had been filed at the outset. That plaintiff took two tries to get it right instead of one has made no difference at all.

To be sure, defendant says it will be prejudiced by the amendment because if the amendment is allowed and relates back the defendant will lose the defenses that the original complaint named the wrong plaintiff and that the amended complaint is barred by the statute of limitations. But this is not the kind of prejudice that matters for purposes of leave to amend (or for purposes of the relation back of amendments). An amendment often cures some technical legal problem; that is the most common reason for amendments. And an amended complaint that relates back always deprives a defendant of a statute of limitations defense; that is the one and only reason why there is a "relation back" doctrine at all.

Defendant has known from the very outset exactly who it allegedly discriminated against. Defendant has known from the very outset the substance of the alleged discrimination and which laws purportedly were violated. A more appropriate case for granting leave to amend or for relation back of an amendment is difficult to imagine. Whatever the proper test for relation back of an amendment naming a new plaintiff, *see generally Cliff v Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1131-33 (11th Cir. 2004), the test is easily satisfied here.

One other matter deserves mention. Plaintiff filed this action in state court asserting claims under federal law prohibiting race and disability discrimination and under Florida law prohibiting worker compensation retaliation. Defendant removed the action to this court.

The removal of the worker compensation retaliation claim raises a jurisdictional issue. *See* 28 U.S.C. 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."); *Reed v. Heil Co.*, 206 F.3d 1055, 1057 (11th Cir. 2000) ("Because we conclude that [removed] claims brought pursuant to Alabama's statute barring retaliation for the filing of workers' compensation claims do arise under that state's workers' compensation laws, the district court lacked jurisdiction to entertain Reed's retaliatory discharge claim."); *Perdue v. Westpoint Home, Inc.*, no. 5:07CV192-RS-AK, 2007 WL 3202455 (N.D. Fla. Oct 26, 2007); *Quitto v. Bay Colony Golf Club, Inc.*, no. 2:06CV286FTM29DNF, 2006

WL 2598705 (M.D. Fla. Sept. 11, 2006).

Plaintiff did not, however, move to remand or otherwise assert removal was improper within the 30-day period for raising procedural defects in removal.  Many courts have held that the failure to make a timely objection waives a § 1445(c) objection to removal.  *See Williams v. AC Spark Plugs*, 985 F.2d 783 (5th Cir. 1993); *Barber v. Pepsi-Cola Personnel, Inc.*, 78 F. Supp. 2d 683 (W.D. Mich. 1999); *Bearden v. PNS Stores, Inc.*, 894 F. Supp. 1418 (D. Nev. 1995); *Ayers v. ARA Health Serv., Inc.*, 918 F. Supp. 143 (D. Md. 1995).

I intend to treat any objection to removal as waived and to continue to exercise jurisdiction.  Any party that asserts this is improper should promptly file a motion to remand addressing not only the propriety of removal but also whether any objection has been waived.  The motion also should set forth the party's position on whether the court should remand this action in its entirety or should remand only the worker compensation retaliation claim.

For these reasons,

IT IS ORDERED:

1.  Defendant's motion to dismiss the original complaint or alternatively for summary judgment (document 4) is DENIED AS MOOT.  Plaintiff's motion for leave to amend (document 7), if leave is required at all, is GRANTED.

Defendant's motion for summary judgment (document 12) is DENIED.

    2.  The case style is amended as reflected in this order.

    SO ORDERED this 26th day of March, 2008.

                                            s/Robert L. Hinkle
                                            Chief United States District Judge